UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


LEONOR ENCALARDE                              CIVIL ACTION


VERSUS                                        NO: 09-4129


NEW ORLEANS CENTER FOR                        SECTION: R(1)
CREATIVE ARTS/RIVERFRONT


**ORDER**


Before the Court is plaintiff Leonor Encalarde's Motion to
Appeal Magistrate Judge Decision to District Court.  (*See* R. Doc.
24.)  The Court, having reviewed *de novo* Encalarde's complaint
(R. Doc. 1-3), her motion for leave to amend (R. Doc. 13), her
motion for leave to correct her motion for leave to amend (R.
Doc. 16), the record, the applicable law, the Magistrate Judge's
report and recommendation (R. Doc. 22), and Encalarde's motion to
appeal, hereby APPROVES the report and recommendation and adopts
it as its opinion.

In addition to the reasons given in the report and
recommendation, the Court finds it particularly relevant that
although Encalarde has filed five separate briefs concerning her
proposed amended complaint (*see* R. Docs. 13, 16, 21, 24, 28), not
one asserts that her failure to timely raise claims against Kyle
Wedberg, Gary Woods, William Garibaldi and Bonnie Johnson was a
mistake, either of law or fact.  *See* Fed. R. Civ. P.
15(c)(1)(C)(ii).  Nor do the briefs address why these particular

proposed defendants knew or should have known that the action

would have been brought *against them* but for the mistake.  *Id.*

Encalarde did not identify any of the proposed defendants by name

in her original complaint, and she does not maintain that she was

unable to do so at the time it was filed.

In fact, Encalarde's briefs appear to have studiously

avoided these issues by selectively quoting and applying the

requirements of Rule 15(c).  (*See, e.g.*, R. Docs. 13 at 2, 21 at

3, 24 at 6, 28 at 1.)  Encalarde focuses on whether the proposed

defendants knew this action was pending, but she entirely ignores

the second prong of Rule 15(c)(1)(C), which requires that a

proposed defendant must have "known that the action would have

been brought against it, but for a mistake concerning the proper

party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  The Court

infers from Encalarde's silence that the decision to file suit

against only the New Orleans Center for Creative Arts/Riverfront

("NOCCA") was intentional and not a mistake.  *See Sanders-Burns*

*v. City of Plano*, 578 F.3d 279, 289 (5th Cir. 2009) (inquiring

whether plaintiff is "merely attempting a strategic change by

amending her complaint").

The Court recognizes the fundamental principle that § 1983

actions may not be brought directly against the State.  *See,*

*e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66

(1989).  But this is not dispositive of whether Encalarde made a

mere "mistake concerning the proper party's identity" by filing

suit against NOCCA and not its officials.  Fed. R. Civ. P.

15(c)(1)(C)(ii).  Encalarde's original complaint may, for

example, reflect a strategic decision to treat NOCCA as a "local

government unit[]" that is subject to suit for monetary,

declaratory, or injunctive relief.  *Monell v. Dep't of Social

Servs. of City of New York*, 436 U.S. 658, 690 (1978); *see also*

*Crane v. State of Tex.*, 759 F.2d 412, 421 (5th Cir. 1985) (county

in Texas is "person" within meaning of § 1983 and subject to

money damages); *Nichols v. McKelvin*, 52 F.3d 1067, at *4 (5th

Cir. 1995) ("The district court correctly concluded that these

claims were governed by [*Monell*], in which the Supreme Court held

that local governmental bodies - such as Parishes - are 'persons'

which can be sued under § 1983.") (per curiam).  This is

supported by the allegation in Encalarde's complaint that NOCCA

is "an educational organization lawfully doing business within

the Parish of Orleans" as opposed to an arm of the State of

Louisiana (R. Doc. 1-3 at 1), as well as the generic references

in her complaint to her "employer" and "supervisors" but not to

any of the proposed defendants (*id.* at 2-3).  The Court need not

speculate as to Encalarde's legal theories.  The Court simply

finds that Encalarde's initial failure to name Kyle Wedberg, Gary

Woods, William Garibaldi and Bonnie Johnson as § 1983 defendants

was not of a nature that the Court should *sua sponte* infer that

she made a "mistake concerning the proper party's identity."
Fed. R. Civ. P. 15(c)(1)(C)(ii).

Because Encalarde has elected not to address these issues in her various briefs, the Court presumes her decision to name NOCCA and not its individual employees was not a mistake. Accordingly, her claims against Kyle Wedberg, Gary Woods, William Garibaldi and Bonnie Johnson do not relate back to her original complaint under Rule 15(c), and they are prescribed. Her proposed amended complaint is therefore futile and must be rejected.

For the reasons stated, and for the reasons in the report and recommendation, Encalarde's motion for leave to amend and motion for leave to correct her motion to amend are DENIED.

New Orleans, Louisiana, this 30th day of November, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE