UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEONOR ENCALARDE                                CIVIL ACTION

VERSUS                                          NO: 09-4129

NEW ORLEANS CENTER FOR                          SECTION: R(1)
CREATIVE ARTS/RIVERFRONT

**ORDER AND REASONS**

Before the Court is plaintiff Leonor Encalarde's motion for leave to file an interlocutory appeal. (R. Doc. 30.) Also before the Court is Encalarde's motion for an extension of time to file her appeal. (R. Doc. 32.) For the following reasons, the Court DENIES the motions.

I.  **Background**

Encalarde alleges that she was forced to resign her employment with New Orleans Center for Creative Arts (NOCCA) because of racial discrimination in violation of the United States Constitution, 42 U.S.C. §§ 1981 and 1983, and state law. Encalarde's original complaint stated claims against only NOCCA, and no individual employees were named or identified. On August

30, 2009, Encalarde filed a motion to amend her complaint to state claims against Kyle Wedberg, Gary Woods, William Garibaldi and Bonnie Johnson, all NOCCA employees, in their official capacities. (R. Doc. 13.) The following day, NOCCA opposed the motion as futile on grounds of state sovereign immunity. (R. Doc. 14.) On August 31, 2009, the deadline for amended pleadings under the Court's scheduling order, Encalarde moved to correct her previous motion to amend and to state claims against Wedberg, Woods, Garibaldi and Johnson in their individual capacities. (R. Doc. 16.) On September 17, 2009, Magistrate Judge Shushan denied both motions to amend on grounds that the proposed claims had prescribed and did not relate back to Encalarde's original complaint. (R. Doc. 22.) On November 30, 2009, the Court adopted Magistrate Judge Shushan's report and recommendation, and further observed that Encalarde has never asserted that her failure to timely raise claims against Wedberg, Woods, Garibaldi and Johnson was a mistake of identity. (R. Doc. 29.) Encalarde now seeks leave to file an interlocutory appeal. (R. Doc. 30.)

**II. DISCUSSION**

**A. Motion for Leave to File an Interlocutory Appeal**

Encalarde does not specify the statutory basis for her proposed interlocutory appeal. The Court finds that an

interlocutory appeal is not appropriate under either 28 U.S.C. § 1291 or § 1292(b).

1. 28 U.S.C. § 1291

Section 1291 vests the federal courts of appeal with "jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. To the extent Encalarde seeks to appeal under 28 U.S.C. § 1291, the Court observes that it has not yet entered a "final decision" in this action. "It is well settled that orders granting or denying motions to add parties are not final within the meaning of § 1291." *Johnson v. Crown Enterprises Inc.*, 178 F. App'x 393, 394-95 (5th Cir. 2006); *Fowler v. Merry*, 468 F.2d 242, 243 (10th Cir. 1972)). Although Encalarde has not sought entry of a partial final judgment pursuant Federal Rule of Civil Procedure 54, the Court would deny the request for the reasons discussed below, and also because Encalarde has failed to demonstrate that immediate appeal is necessary to avoid hardship or injustice. *See PYCA Indus. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

B. 28 U.S.C. § 1292

Section 1292(b) of Title 28 allows for interlocutory appeals

3

when a district court finds that a non-final order "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that an immediate appeal from the order [3] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (brackets added); *see also In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). The availability of appeal under § 1292(b) does not "jeopardiz[e] the usual rule of not permitting an appeal until all the proceedings on the trial court level are complete." 10 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 2658.2 (3d ed.). An interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68, 69 (5th Cir. 1983)). "Substantial ground for difference of opinion" is not the same as "disagreement" with a district court's ruling. *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 814 (E.D. La. 2009).

Encalarde disagrees with the Court's application of the Fifth Circuit's decision in *Sander-Burns v. City of Plano*, but she has not demonstrated a "substantial ground for difference of opinion" within the meaning of § 1292(b). Federal Rule of Civil Procedure 15 states that an amended complaint naming a new party will relate back to the date of the original complaint only if

4

"the party to be brought in by the amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). In *Sanders-Burns v. City of Plano*, the Fifth Circuit held that an amended complaint naming a sheriff in his individual capacity would relate back to an original complaint naming the sheriff in only his official capacity. *See* 594 F.3d 366 (5th Cir. 2010). The Fifth Circuit reasoned that the sheriff had sufficient notice of the action because he was named in the original complaint, albeit in a different capacity, and that the plaintiff's technical pleading error was a mistake and not a strategic decision. *Id.* at 379-80. Here, by contrast, Encalarde has sought to add several new individuals *not* identified in her original complaint. Furthermore, as previously pointed out by Magistrate Judge Shushan and this Court, Encalarde has never argued that she made a mistake in failing to raise claims against Wedberg, Woods, Garibaldi and Johnson on a timely basis. *Sanders-Burns* is thus distinguishable from this case, and the issues raised by Encalarde do not amount to a substantial ground for difference of opinion justifying interlocutory appeal.

For the reasons stated, Encalarde's motion for leave to file an interlocutory appeal is DENIED.

5

### C. Motion for Extension of Time to File Appeal

Because the Court denies Encalarde's motion to file an interlocutory appeal, the Court also DENIES Encalarde's motion for an extension of time to file an interlocutory appeal.

### IV. Conclusion

For the reasons stated, Encalarde's motions are DENIED.

New Orleans, Louisiana, this 15th day of March, 2010.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE